Derek Brown
Utah Attorney General
BRETT ANDRUS (16659)
Assistant Utah Attorneys General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
brettandrus@agutah.gov

*Attorney for Defendant University of Utah*

---

In the United States District Court
In and for the District of Utah, Central Division

| | |
|---|---|
| Shannon Fox, | **MOTION TO DISMISS** |
| Plaintiff, | |
| v. | Case No. 2:26-cv-00225-DBB-DAO |
| University Of Utah, | Judge David Barlow |
| Defendant. | Magistrate Judge Daphne A. Oberg |

Defendant hereby submits this Motion to Dismiss Plaintiff's Complaint (Docket No. 1; hereinafter "Complaint", pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure:

### RELIEF SOUGHT AND GROUNDS FOR MOTION

Defendant seeks to dismiss all claims from Plaintiff's Complaint including:

Any claim under the ADA, because the University of Utah retains Eleventh Amendment immunity in federal court for claims brought under the ADA,

Any claim under the ADA, because the University of Utah retains sovereign immunity from claims brought under the ADA,

Any claim under the ADEA, because the University of Utah retains Eleventh Amendment immunity from claims brought under the ADEA, and

Any claim under the ADEA, because the University of Utah retains sovereign immunity from claims brought under the ADEA.

## STATEMENT OF RELEVANT FACTS[1]

1.      Plaintiff was employed as a Comprehensive Epilepsy Clinic Nurse with Defendant. Complaint at ¶ 11.

2.      Defendant notified Plaintiff of performance issues and errors in the course of her performance in March 2025. Complaint at ¶¶ 19-20.

3.      Plaintiff was terminated in April 2025. Complaint at ¶ 30.

4.      Plaintiff filed her Complaint on March 18, 2026. *See generally* Complaint.

5.      Plaintiff alleges jurisdiction is proper for her ADA and ADEA claims "pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction)." Complaint at ¶ 3.

6.      Plaintiff brings the following causes of action:

   a.   Count I – Disability Discrimination

   b.   Count II – Failure to Accommodate

---

[1] For purposes of this motion, the well-pleaded allegations set forth in Plaintiff's Complaint must be treated as true. It should be noted, however, that Defendant disputes the Complaint's allegations.

    c.   Count III – Hostile Work Environment

    d.   Count IV – Age Discrimination

7.  Plaintiff seeks monetary damages including compensatory, general, punitive, interest, fees, and costs. Complaint at p. 9, ¶¶ a)-g).

**STANDARD OF REVIEW**

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**I.**    <u>**Motion to Dismiss under 12(b)(1)**</u>

Under Rule 12(b)(1), a party may assert a defense of lack of subject matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). "[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court." *Washington v. Oklahoma State Dep't of Hum. Servs.*, 802 F. App'x 419, 420 (10th Cir. 2020) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). "The Eleventh Amendment issue, it is a purely legal one that can be decided on the record." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[F]ederal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent a showing of proof by the party asserting federal jurisdiction." *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." internal citation omitted).

3

"[T]he party invoking federal jurisdiction in this case, must allege in its pleading the facts essential to show jurisdiction and must support those facts by competent proof." *Koc*h, 971 F.2d at 551 (internal citations and quotations omitted). If the plaintiff fails to establish jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation," the court must dismiss the case pursuant to Rule 12(h)(3). *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

**II.      Motion to Dismiss under 12(b)(6)**

In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of well-pleaded facts and draws reasonable inferences in a light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Id.* at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted). Next, after excluding conclusory assertions, the court then assumes the veracity of well-pleaded allegations and determines whether they plausibly give rise to an entitlement to relief. *Id.* Fed. R. Civ. P. 12(b)(6) does not allow a plaintiff to file a complaint devoid

of supporting facts as a vehicle to commence discovery on the off chance some facts might exist which could support a plausible claim. *Twombly*, 550 U.S. at 555, 562-63.

**ARGUMENT**

I. <u>**Plaintiff's First, Second, and Third Causes of Action under the ADA should be dismissed for lack of jurisdiction.**</u>

    a. **Defendant has Eleventh Amendment immunity from any ADA employment claims.**

The threshold question for any Eleventh Amendment immunity analysis is whether the entity qualifies as an "arm of the state." The Tenth Circuit confirmed in *Watson* that the University of Utah is an arm of the state: "[W]e are satisfied that the University is an arm of the state." *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir. 1996). The court further stated, "[T]he University of Utah Medical Center, as a part of the University of Utah, is an arm of the state entitled to Eleventh Amendment immunity." *Id.* at 577. Subsequent cases have consistently applied this holding as well. *See Yung-Kai Lu v. Univ. of Utah*, 660 F. App'x 573, 577 (10th Cir. 2016) (unpub.) ("[I]t is well-settled that the University of Utah is considered an arm of the state entitled to Eleventh Amendment immunity." (internal quotation marks omitted)); *Jones v. Univ. of Utah*, No. 2:20-CV-00116, 2024 WL 115886, at *4 (D. Utah Jan. 9, 2024) ("[T]he court will dismiss Jones's claims to the extent they are being pursued under the ADA on the grounds that such claims are barred by sovereign immunity.").

Having established that the University of Utah is entitled to Eleventh Amendment immunity generally, the next question is whether this applies to claims under the ADA. Well settled case law has held that it does. The University of Utah retains full Eleventh Amendment immunity from private ADA Title I employment suits as discussed in the U.S. Supreme Court case

*Garrett*. *See Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 364, 121 S. Ct. 955, 962, 148 L. Ed. 2d 866 (2001). Title I of the ADA governs employment discrimination against persons with disabilities. Although Congress included in the ADA an express statement of intent to abrogate state sovereign immunity, the U.S. Supreme Court held that Congress exceeded its authority under Section 5 of the Fourteenth Amendment when it attempted to do so. *Id.* The Tenth Circuit applied *Garret* promptly in *Frazier v. Simmons,* holding that "a private individual cannot sue a state or state official in federal court for money damages under Title I of the Disabilities Act." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

In conclusion, Plaintiff's First, Second, and Third Causes of Action brought under the ADA should be dismissed because Defendant retains Eleventh Amendment immunity against these claims, and this court, therefore, lacks subject-matter jurisdiction.

**b.  Defendant has sovereign immunity from Plaintiff's ADA claims.**

Defendant is also immune from Plaintiff's ADA claims pursuant to sovereign immunity because it is an arm of the state and has not waived the immunity. Therefore, all claims under the ADA should be dismissed on this basis as well.

Sovereign immunity has been recognized to exist "irrespective of the Eleventh Amendment" by both the Utah Court of Appeals and the United States Supreme Court. *See Blauer v. Dep't of Workforce Servs.*, 2014 UT App 100, ¶ 7, 331 P.3d 1. The United States Supreme Court decision in *Alden v. Maine,* 527 U.S. 706, 754 (1999), states plainly, "In light of history, practice, precedent, and the structure of the Constitution, we hold that the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by Article I legislation." *Alden* meticulously lays out the difference between the two commonly

6

conflated immunities that States are entitled to:

> We have, as a result, sometimes referred to the States' immunity from suit as 'Eleventh Amendment immunity.' The phrase is convenient shorthand but something of a misnomer, for **the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment**. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of their admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments.

*Id.* at 713 (emphasis added). Put in its broadest form, the concept of sovereign immunity bars private citizens from suing states for damages. *See Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 751–52, (2002). This immunity also shields "arms of the State" from suit. *N. Ins. Co. of N.Y. v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006).

Like most general rules, sovereign immunity has exceptions. However, none of the exceptions apply here. The limits on sovereign immunity are the following: 1) any municipal corporation or governmental entity which is not an "arm of the State" is not protected by the immunity, as well as some suits against state officers; 2) if states consent to the suit, they have waived any defense of sovereign immunity. *Alden* at 755-757. The first limitation on sovereign immunity does not apply because, as shown above, the Defendant is unequivocally an arm of the state.

The second limitation on sovereign immunity also does not apply because the State has not waived the defense of sovereign immunity. "[D]ue to 'the vital role of the doctrine of sovereign immunity in our federal system,' the Supreme Court has consistently held that a state's waiver of sovereign immunity, both with respect to 'whether it may be sued' and 'where it may be sued,'

must 'be **unequivocally expressed**.'" *Blauer* at ¶ 10 (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)) (emphasis added). *Alden* goes through ways the State could consent to the suit: "Many States, on their own initiative, have enacted statutes consenting to a wide variety of suits…. The States have consented, moreover, to some suits pursuant to the plan of the Convention or to subsequent constitutional Amendments. In ratifying the Constitution, the States consented to suits brought by other States or by the Federal Government." *Alden* at 755. No such waiver has occurred here.

Defendant is raising its sovereign immunity defense at the first opportunity in this case. Further, while Utah's Governmental Immunity Act does list various legal claims for which governmental immunity is waived, claims under the ADA are not one of them. The *Blauer* court held that the State had not waived their sovereign immunity by accepting federal ADA funds or through the enactment of the UADA. *See Blauer* at ¶ 13. Without any such waiver, the second exception to sovereign immunity does not apply.

The Court should find that Defendant, as an arm of the state, has not consented to being sued in this Court and has not waived protection from suit under its sovereign immunity. All Plaintiff's claims against Defendant under the ADA should be dismissed for lack of jurisdiction.

## II.      Plaintiff's Fourth Cause of Action under the ADEA should be dismissed.

### a.  Plaintiff's ADEA claims are barred by Eleventh Amendment immunity.

Plaintiff's Fourth Cause of Action fails because the University maintains Eleventh Amendment immunity against claims brought under the ADEA as shown above for claims brought under the ADA. As established above, the University of Utah is considered an "arm of the state."

*See Watson* 75 F.3d at 575. A person may only sue a state or arm of the state "without offending Eleventh Amendment immunity" where (1) Congress abrogated a state's Eleventh Amendment immunity, or (2) where a state "waive[ed] its Eleventh Amendment immunity and consent[ed] to be sued." *Ruiz* 299 F.3d at 1181.

Defendant, as an arm of the state, has Eleventh Amendment immunity against ADEA claims. The US Supreme Court held that under "the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91, 120 S. Ct. 631, 650, 145 L. Ed. 2d 522 (2000). "The Eleventh Amendment bars a suit for damages against a state in federal court, absent a waiver of immunity by the state." *Watson* at 574. Defendant has not waived its immunity against ADEA claims. The Tenth Circuit has acknowledged ADEA claims are barred by the Eleventh Amendment. *See Patillo v. Larned State Hosp.*, 462 F. App'x 780, 782 (10th Cir. 2012) (unpub.) ("The district court correctly dismissed the … ADEA claims as barred by Eleventh Amendment immunity. Unless waived or abrogated, such immunity extends to state entities.").

For the foregoing reasons, Eleventh Amendment immunity shields the University of Utah from all ADEA claims in federal court. Thus, Plaintiff's Fourth Cause of Action against Defendant must be dismissed.

### b.  Defendant has sovereign immunity from Plaintiff's ADEA claims.

Defendant maintains sovereign immunity against Plaintiff's ADEA claims because they are an arm of the state, and they have not waived sovereign immunity for ADEA claims. Defendant's sovereign immunity is separate and in addition to Eleventh Amendment immunity.

9

"A state enjoys another kind of sovereign immunity besides immunity from suit that it may invoke even after agreeing to removal—immunity from liability." *Trant v. Oklahoma*, 754 F.3d 1158, 1172 (10th Cir. 2014); *see also Barrow v. Kansas State Univ.*, No. 22-3266, 2023 WL 10101935, at *3 (10th Cir. Oct. 25, 2023) ("States enjoy traditional sovereign immunity from liability that is broader than their Eleventh Amendment immunity from suits brought in federal court." (unpub.); *Hill v. Oklahoma*, No. CIV-25-522-SLP, 2025 WL 1840659, at *2 (W.D. Okla. July 3, 2025) ("When a plaintiff sues a State in federal court, the State can invoke two immunities: (1) Eleventh Amendment immunity from suit – a jurisdictional bar that prevents a federal court from hearing the case; and (2) sovereign immunity from liability, which is a substantive defense.").

There are two exceptions to sovereign immunity which do not apply in the present case. The first is when Defendant is not an arm of the state. As previously shown, the University of Utah is considered an "arm of the state." *See Watson* 75 F.3d at 575. The second exception is when immunity is waived by the defendant. Defendant has not waived its immunity and is raising its sovereign immunity defense at the first opportunity in this case. "A State's consent to suit must be unequivocally expressed." *Tyler v. United States Dep't of Educ. Rehab. Servs. Admin.*, 904 F.3d 1167, 1186 (10th Cir. 2018). Defendant has not unequivocally expressed their consent to suit under the ADEA, nor have they waived their immunity through statute. While Utah's Governmental Immunity Act does list various legal claims for which governmental immunity is waived, claims under the ADEA are not one of them. Without any such waiver, the second exception to sovereign immunity does not apply. Defendant, therefore, has sovereign immunity against Plaintiff's ADEA claims, and Plaintiff's Fourth Cause of Action should be dismissed.

The Court should dismiss Plaintiff's Fourth Cause of Action for either of the reasons stated above. Furthermore, the Court should dismiss Plaintiff's Complaint in its entirety. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *see also Koch v. City of Del. City*, 660 F.3d 1228, 1248 (10th Cir. 2011). As shown above, all of Plaintiff's federal claims should be dismissed.

## CONCLUSION

In conclusion, the University of Utah's classification as an "arm of the state" grants it Eleventh Amendment immunity and sovereign immunity against claims under the ADA and the ADEA. Consequently, all of Plaintiff's causes of action in her Complaint must be dismissed.

Respectfully submitted on May 26, 2026.

Derek E. Brown
Utah Attorney General

/s/   Brett M. Andrus
Brett M. Andrus
Assistant Utah Attorney General

*Attorney for Defendant University of Utah*